RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 10/3/14
MB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| GOVERNMENT EMPLOYEES INSURANCE CO. | : | DOCKET NO. 14-626 |
| VS. | : | JUDGE TRIMBLE |
| DOKSUN O'CONNOR, ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a "Motion to Dismiss"(R. #18) filed by defendant, the United States of America wherein the mover seeks to dismiss the Complaint of Interpleader pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because neither the plaintiff nor the interpleader parties have exhausted the administrative remedies– a prerequisite to filing suit in federal court.

## FACTUAL ALLEGATIONS

In the complaint, petitioner Government Employees Insurance Company ("GEICO") alleges that this court has jurisdiction pursuant to 28 U.S.C. § 1331 and Rule 22 of the Federal Rules of Civil Procedure because there is a dispute of ownership of certain insurance proceeds issued by GEICO to Michael Andrew O'Connor. Said insurance provided benefits to Doksun O'Conner as the result of an automobile accident that occurred on or about May 22, 2013. Petitioner alleges that both Medicare and Tricare have a potential interest in the proceeds because both have either paid or reimbursed others for medical treatment.

Petitioner alleges that an attempt had been made to deliver the policy limits to Doksun

O'Connor, but no agreement could be reached as to how to satisfy the various health providers or payors who have asserted liens.[1] A lawsuit has been filed against GEICO in the 36th Judicial District court;[2] Mr. Scott Iles, counsel for Doksun O'Connor has a statutory lien against the policy proceeds. Petitioner asserts that it has no interest in the policy proceeds, but is a stakeholder and is unable to determine who may be entitled to payment of the proceeds. Furthermore, petitioner cannot pay the proceeds to any one defendant without danger of being compelled to pay proceeds to other defendants named herein and face exposure to multiple claims and suits. GEICO specifically admits liability for its policy limits of $50,000 plus legal interest for a total of $50,416.44. The purpose of the instant suit is for the defendants cited herein to appeal and assert their claims against the funds deposited into the registry of the court and for this court to decide the amount to be awarded each claimant.

## LAW AND ANALYSIS

The United States has filed the instant motion to dismiss this suit pursuant to Federal Rule of Civil Procedure 12(b)(1)[3] asserting that this court lacks jurisdiction because petitioner has failed to exhaust the administrative remedies. In its complaint, petitioner alleges that the court has jurisdiction because "both Medicare and Tricare are programs of the United States of America which would have an interest in the proceeds, and because both have paid for or reimbursed others for

---

[1] The petitioner alleges that Acadian Ambulance and Southwest Louisiana Hospital Association d/b/a Lake Charles Memorial Hospital have provided medical treatment to Doksun O'Connor, both of which would have statutory liens.

[2] Entitled <u>Doksun O'Connor v. State Farm Mutual Automobile Ins. Co., Progressive Security Ins. Co., Government Employees Ins. Co. and Estate of Brian Martin</u>, Civ. Action No. 2014-0030 "A".

[3] (1) lack of subject matter jurisdiction.

2

medical treatment."[4] However, the United States maintains that it has not waived sovereign immunity to be sued for the claims presented herein.

This court cannot proceed without jurisdiction; the judicial power of the United States is inflexible and without exception.[5] The United States argues that petitioner has failed to follow the proper procedures for this court to have jurisdiction relying on 42 U.S.C. § 405(g) which provides that "[a]ny individual, after a final decision of the [Secretary] made after a hearing to which he is a party. . . . may obtain review of such decision by a civil action commenced within sixty days after the mailing. . . . of notice of such decision" which "is the sole avenue for judicial review for all claims arising under the Medicare Act."[6] In other words, before proceeding in this court, petitioner must first satisfy the non-waivable and non-excusable requirement of presenting its claims to the Secretary and exhaust its administrative remedies in order to obtain a final decision from the Secretary.[7]

The United States argues that plaintiff's claim fails to represent that it has satisfied the presentment or the exhaustion of remedies prongs of section 405(g) and that neither section 1331, nor Rule 22 confers jurisdiction with respect to any claims for payments made by Medicare and TRICARE. Thus, the United States maintains that it has not waived its sovereign immunity and has not conferred subject matter jurisdiction on the court.

---

[4] R. #1, ¶ 2.

[5] Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998).

[6] Heckler v. Ringer, 466 U.S. 602, 615 (1984).

[7] Affiliated Professional Home Health Care Agency v. Shalala, 164 F.3d 282, 285 (5th Cir. 1999).

GEICO's response is that Doksun O'Connor has died of breast cancer and that it has made "every effort" to obtain a final demand letter from Medicare regarding payments and a lien that may be owed. GEICO further argues that its counsel has attempted to comply with the exhaustion requirements, and that it is convenient for the parties for this court to hear the case.

The government maintains that until the § 405(g) prerequisites have been fulfilled, this court may not exercise jurisdiction over petitioners' claims. The government argues and we agree that counsel for petitioner has failed to comply with Medicare's regulations. Specifically, which is evidenced by the correspondence filed by petitioner's counsel, Medicare has advised counsel that the conditional payment amount owed to Medicare is $3,561.00.[8] Medicare further advises counsel that once it receives settlement information from the Medicare beneficiary, final adjustments would be made after which a final demand letter would be issued and at that point, the beneficiary can then either satisfy the demand or present a claim challenging the overpayment or repayment determination. Thereafter, the administrative review process will be triggered. Petitioner has presented no evidence to this court to establish that the administrative remedies outlined above have been exhausted.

The burden is on the plaintiff to prove that this court has jurisdiction over plaintiff's claim. Under the Medicare Statutes, exhaustion of administrative remedies is a non-waivable jurisdictional prerequisite.[9] As noted by the government, petitioner has not presented a claim nor obtained a final decision of the Secretary after a hearing on their claims, and § 405(g) is the only means by which petitioner may obtain judicial review of its claims.

---

[8] R. #24-2, p. 26.

[9] Shalala v. Ill. Council for Long Term Care, Inc., 529 U.S. 1 (2000); 42 U.S.C. § 405(g).

## CONCLUSION

For the reasons set forth above, the court finds that because the administrative remedies have not been exhausted, this court has no jurisdiction over petitioner's claims.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 3rd day of October, 2014.

                                                                                    JAMES T. TRIMBLE, JR.
                                                                                    UNITED STATES DISTRICT JUDGE